**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

In re: Victoria L. Stonewall, Debtor.                    Case No. 24-10475-pmm
                                                          Chapter 13

**Disclosure of Compensation of Attorney for Debtor**

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the debtors(s) and that compensation paid to me within one year before the filing of the petition, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept flat fees and hourly rates consistent with the attached fee agreement.

   Prior to filing this statement, I have received ........................................................................... $1,825.00

2. The source of the compensation paid to me was:

   ☒ Debtor(s)          ☐ Other:

3. The source of the compensation to be paid to me is:

   ☒ Debtor(s)          ☐ Other:

4. I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

5. In return for the above-disclosed compensation, I have agreed to render legal service for all aspects of the bankruptcy case consistent with the attached fee agreement.

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Date: March 26, 2024                    /s/ Michael A. Cibik
                                         Michael A. Cibik (#23110)
                                         Cibik Law, P.C.
                                         1500 Walnut Street, Suite 900
                                         Philadelphia, PA 19102
                                         215-735-1060
                                         mail@cibiklaw.com

## Fee Agreement for Chapter 13 Bankruptcy

You are hiring us as attorneys to represent you in a chapter 13 bankruptcy case. We appreciate the opportunity to represent you and look forward to helping you get a fresh financial start in life. This agreement outlines what you must pay, what you must do, and what we must do. This might seem like a lot of information, but we want to make sure you know exactly how this will work and what it will cost. Please read this information carefully and ask us if you do not understand any part.

### Getting Started

For our work on your case to begin, you must pay us an Engagement Fee of $1,825.00. The Engagement Fee is a flat, non-refundable fee earned upon receipt that compensates us for the work we will do to prepare for your bankruptcy case, including a detailed review of your financial circumstances. It also compensates us for the need to refuse any other cases that may conflict with your interests. The engagement fee will not be deposited into an attorney IOLTA or other trust account and it will be deposited in our operating account.

You should not expect any work on your case to begin until the Engagement Fee is paid in full. Although we may begin working on your case upon receipt of partial payment, we need not do so. This agreement is not effective until we send you a signed copy of it. If you do not receive a signed copy right after you sign this, please contact us.

This agreement lists our fees for individual services below. Unless this agreement specifies that a particular service will be performed upon request, fees will be incurred whenever services in your case are necessary. If the value of the services we provide and expenses we incur exceeds the value of the Engagement Fee, you must pay the balance. When your chapter 13 plan is confirmed, we will ask the Court to allow the trustee to pay the balance as an administrative expense. But if your case is dismissed or closed at any time, the balance will be due within 30 days. A $50 late fee is due for any balance unpaid for more than 30 days. You grant us a retaining and charging attorney's lien on all balances due.

### Our Obligations

We will provide all services necessary to prosecute a successful chapter 13 bankruptcy case, in our judgment. You grant us the right to perform any service we believe is in the best interest of your bankruptcy estate. If you request a particular service or course of action, we reserve the right to refuse if we do not believe that it is in the best interest of your bankruptcy estate. We will represent you in a good and workmanlike manner at all times. If we ever make a mistake, we will provide any service needed to fix it, and we will not charge you for it. We will respond to your inquiries within seven business days (excluding weekends and holidays).

### Your Obligations

Your cooperation is the most important factor in making your case a success. Before your case is filed, you agree to provide us with complete and accurate financial information, as promptly as possible, including any forms we ask you to complete and copies of any documents we request. You also agree to discuss your financial goals with us, review all documents prepared by us, advise us about any necessary corrections or additions, and ask for explanations of any statements that you do not understand.

For us to best represent your interests, you must timely provide us with complete and truthful information and required documents, including about all property in which you have an ownership interest, all debts you owe, and any other information regarding your financial affairs. We are not responsible for collecting such information from your files or directly from your creditors or the public record. Complete, accurate and reliable information from you is absolutely necessary (including complete and accurate addresses for your creditors). Not all creditors are listed on your credit report, so you are responsible for making sure all your creditors are listed on the bankruptcy schedules with correct addresses.

After your case is filed, you agree to:

- Make your full monthly payment to the trustee no more than 30 days after your case is filed, every 30 days until we tell you in writing to pay less or to stop paying at all.

- Make your mortgage, lease, and car payments on time each month (or however often they are due) unless we tell you in writing that you need not do so.

- Review and comply with notices you receive from the court and respond to communications from us.

- Keep us informed of all changes to your contact information, including phone numbers and mailing addresses.

- Keep us informed of all significant changes in your financial life, including job loss or layoff, significant absences from work, or divorce.

- Inform us immediately if a creditor contacts you (unless they are collecting on a debt you make after your case is filed).

- Contact us before buying, selling, or refinancing major assets such as a home or vehicle.

- Promptly provide all the information and documents we ask you for.

- You will not contact us using any means other than the ones we provide to you.

**When Our Work Starts and Ends**

Our work begins once you pay the Engagement Fee, but we can't file your case with the court until you sign the bankruptcy petition and complete the credit counseling course required by law. If you are being sued or your property is at risk of foreclosure, repossession, or something like that, you should assume that all such risk remains until we give you a certificate with your bankruptcy's unique seven-digit case number signed by the Clerk of the U.S. Bankruptcy Court.

Our work ends once the court enters an order discharging your debt, dismissing your case, closing your case, or terminating our representation. If we believe that we cannot continue to represent you due to lack of cooperation, because of an ethical conflict, or for some other reason, we may ask the court to permit us to withdraw from your case. If that ever happens, you will receive notice and may contest the request at a hearing before the court. After our representation ends, we will have no duty to inform you of future developments, deadlines, or changes in the law about this case.

**Flat Fee Schedule**

You agree to pay the following flat fees for common services that may be required in your case. We agree to provide these flat rate options in the interest of efficiency, transparency, and providing you with straightforward expectations about fees in your case.

| | |
|---|---|
| 30-minute initial consultation | Free! |
| Emails to or from you | Free! |
| Text messages to or from you | Free! |
| Phone calls or meetings with you lasting 15 minutes or less | Free! |
| Phone calls or meetings with you lasting more than 15 minutes | $5 per minute |

*We love talking to you, but the less time we spend talking, the more time we can spend working on the results you want. The best way to contact us is by email or text message.*

Bankruptcy Petition ................................................................................................................... $999

*We will prepare and file the required petition, statement of social security numbers, and credit counseling certificates required by law to start your case. This fee also includes our analysis of your financial situation. Court fee not included.*

*A $250 Emergency Fee will be added if you do not pay the full Engagement Fee, take your credit counseling course, and sign the bankruptcy petition more than 24 hours before a sheriff sale, repossession, or similar creditor action and your case needs to be filed to stop that action. The Emergency Fee compensates us for the extra work we must do, often after hours, to make sure that your case is filed in time to stop the creditor's action on such short notice.*

Schedules A-J and Statement of Financial Affairs ............................................................ $1,749
Form 122C-1 ............................................................................................................................ $729
Form 122C-2 (if necessary) ................................................................................................ $1,149

*We will prepare and file the first of each form on which you must disclose your assets, liabilities, income, expenses, means, and financial affairs to the court. Because there are additional documents to review, prepare, and give you advice about if you have a business, a $1,500 surcharge will be applied if you have owned a corporation, LLC, sole proprietorship, or any other kind of business in the past two years.*

Chapter 13 plan......................................................................................................................... $499
Preparing for your meeting of creditors................................................................................ $749
Representation at your first scheduled confirmation hearing..............................................Free!
Representation at your first scheduled meeting of creditors...............................................Free!

*We will calculate, prepare, and file your first chapter 13 plan. We will prepare for and prosecute confirmation of the plan, including representing you at the first scheduled meeting of creditors and confirmation hearings. We will prepare for the meeting of creditors by reviewing the documents you submit, redacting personal information when required by law or court rules. Includes review of the first 15 proofs of claim filed by your creditors. Additional proofs of claim are reviewed at a rate of $35 each. These fees include up to one hour of telephone conversations and miscellaneous contact with creditors, the trustee, attorneys, and other parties in interest.*

Objections to Proofs of Claim................................................................................................ $599

*If a creditor files a claim and you don't owe them what they say you do, we will prepare, file, and serve an objection to the claim and represent you at the hearing where we will demand the court disallow that debt.*

Motion to Extend, Impose, or Reinstate Automatic Stay.................................................... $599

*We will prepare, file, and prosecute a motion to extend, impose, or reinstate the automatic stay at your request.*

Motion to Reinstate Case........................................................................................................ $499

*If your case was dismissed and you were at fault, we will prepare, file, and prosecute a motion to reinstate your case at your request.*

Motion to Reopen Case .......................................................................................................... $499

*If your case was closed and it needs to be reopened, we will prepare, file, and prosecute a motion to reopen your case at your request. Court filing fee not included.*

3

Amended Petition, Schedule, Statement, or Plan ................................................................................. $349

*If any amended documents are needed, we will prepare and file them with the court. Court filing fees of up to $34 per document included.*

Motion to Modify Plan ............................................................................................................................ $499

*If your bankruptcy plan needs to be changed after your plan is confirmed, we will prepare, file, and prosecute a motion to modify your plan.*

Motion to Appoint Next Friend ............................................................................................................... $749

*If someone is filing this case for you because you cannot do so because of special needs or disability, we will prepare, file, and prosecute approval of a motion to appoint someone close to you to be your personal representative, which the court refers to as a next friend. We will also prepare, file, and prosecute approval of a motion to waive credit counseling and financial management course requirements, if necessary.*

Motion to Extend Time (Financial Management Course) .......................................................................... $99

*If you do not complete the financial management course and receive a certificate by the time your last trustee payment is due, we will file documents asking the court to extend the time if appropriate.*

Loan Modification ............................................................................................................................... $1,999

*At your request, we will represent you in a loan modification request by preparing the application and submitting it to your loan servicer.*

Complaint to Determine Dischargeability of Student Loans ................................................................ $2,499

*You may be able to discharge student loans in some cases. If your case is one of them, we will prepare, file, and prosecute a complaint asking the court to determine that your student loans are dischargeable.*

Defense of motions to dismiss for failure to make plan payments ......................................................... $499

*If the trustee or anyone else files a motion to dismiss your case because you failed to make plan payments (or for some other reason) we will defend you against the motion by filing an objection.*

Defense of motions for relief from the automatic stay ............................................................................ $899

*If a creditor files a motion for relief from the automatic stay, we will object to the motion and assert your rights under the bankruptcy code to protect your property.*

Representation in Student Loan Management Program ...................................................................... $1,500

*We will represent you in the U.S. Bankruptcy Court for the Eastern District of Pennsylvania Student Loan Management Program upon your request, if you are eligible.*

Representation at continued meetings of creditors ............................................................................... $249
Representation at continued confirmation hearings .............................................................................. $249

*If we must represent you at continued meetings of creditors or confirmation hearings, the above fees apply for each continuation.*

Representation at Rule 2004 examination ............................................................................................ $999

*If one of your creditors requires you to sit for an examination, we will represent you at the examination, including any preparation required.*

### Hourly Fees

If your case requires a service that is not listed on the Flat Fee Schedule, we will charge you on an hourly basis for that service. Our hourly rates are up to $550 per attorney hour and up to $200 per paralegal hour.

You agree to the following hourly rates for these people:

> Michael A. Cibik, Principal Attorney ($550); Mike Assad, Deputy Attorney ($375); E.J. Gruber, Associate Attorney ($275); Nancy Matteis, Paralegal ($175); Iesha Reid, Paralegal ($175)

### Contingency Fees

If we file a complaint against a creditor for violating the automatic stay or discharge order, or if we file any other complaint demanding that someone pay money to you, our fees for the complaint will be contingent upon the result obtained. If we do not recover any money on your behalf, you will not owe us any fees for pursing the complaint. In consideration of our work and the risk that we will take, you agree to pay us 40% of the gross amount of any settlement or judgment, plus the actual costs of any expenses that we advance on your behalf. But if you fire us as your lawyers before the complaint is concluded, you agree to pay us for the time expended consistent with our hourly rates, plus the actual costs of any expenses that we advance on your behalf. But we may, at our sole discretion, disclaim the contingency and instead request that the Court allow us to obtain compensation from the creditor.

### Expenses

You agree to pay actual and necessary costs for things we buy for your case. In addition, we will charge $150 for petty expenses which may include postage, minor court fees, copying, printing, and public record searches.

### Trustee Payment Refunds

If your case is dismissed or you decide to convert your case to chapter 7, the trustee will usually mail us a refund of the payments you made to the trustee, less the trustee's commission and any payments the trustee made to creditors. You agree that we may sign your name to deposit that check into our attorney trust account. You also agree that any fees or costs owed to us may be deducted from that refund, and we agree that we will send you any money left over within 30 days after we receive the check from the trustee.

### Wage Orders

If any trustee payment is not received by the trustee on time, you agree that we may ask the Court to order that the full amount of the trustee payment be deducted from your wages, without further notice to you.

### Supplemental Fee Applications

If you incur fees after your plan is confirmed, you agree that we may file a supplemental fee application with the court and, if necessary, a motion to modify your bankruptcy plan to increase your monthly plan payment so the trustee can pay the fees to us on your behalf.

### If Filing With Your Spouse

If you and your spouse intend to file a joint bankruptcy case and are both signing this agreement, you are both individually and jointly bound by the terms of this agreement. You agree and understand that we represent both of you equally, and that we may tell your spouse anything that you tell us. If you are not actually married, it is a serious federal crime to say so on your bankruptcy petition.

**File Retention**

We will retain copies of all documents in your case electronically for no more than five years. Please do not provide us originals of any important documents; make copies and keep the originals for your records.

**Debt Relief Agency**

We are a debt relief agency. We help people file for bankruptcy relief under the Bankruptcy Code.

**Price Adjustment**

Every 365 days after you sign this agreement, every dollar amount in this agreement will be adjusted to reflect the change in the Consumer Price Index for the most recent 1-year period.

**Authority to Enter Agreements**

You agree that we may agree to stipulations and consent to court orders on your behalf if we believe in good faith that the stipulation or order is in your best interest. You have the right to revoke this authority without our consent at any time by notifying us in writing.

**Attorney In Charge**

This agreement is between you and Cibik Law, P.C., and not any individual attorney. The attorney in charge of your case will be Michael A. Cibik. You agree that any other attorney, investigator, paralegal, secretary, or other person at Cibik Law may work on your case under the direction of the attorney in charge.

**Disclosures, Notices, and Information Required by Law**

You acknowledge that you have received the disclosures, notices, and information attached, which are required by 11 U.S.C. §§ 341(d), 342(b), and 527.

**No Guarantees**

Nothing in this Agreement should be construed as a promise or guarantee about the outcome of any matter that we are handling on your behalf. Our comments about the outcome of matters pertaining to you are expressions of opinion only. There are risks in filing for bankruptcy, including the possible liquidation or loss of property. You also understand that the bankruptcy law is subject to different interpretations and that there are inherent risks in how Courts will apply various provisions. You are not entitled to a refund or a discount if the case or a part of the case does not turn out as we hoped it would unless we were negligent.

**Entire Agreement**

This agreement contains all the terms of the agreement between us applicable to our representation and may not be modified except by a written agreement signed by both of us. There are no promises, terms, conditions or obligations applicable to our representation except as expressly set forth in this agreement The terms of this agreement supersede any previous oral or written agreements between us with respect to our representation of you.

**Electronic Signatures**

You agree that this agreement may be electronically signed and that your electronic signature is the same as your handwritten signature for all purposes, including validity, enforceability, and admissibility. By signing this agreement electronically, you acknowledge that you have declined the option to sign a paper agreement and understand that you will receive a signed copy by email.

**Fee Disputes**

If you dispute our fees, you agree that the dispute will be resolved by the Philadelphia Bar Association Fee Dispute Resolution Program or the New Jersey Office of Attorney Ethics Fee Arbitration System.

**Things We Already Told You**

You agree that we talked about the information below with you. If we didn't, you agree that you read about it below and understand it. If you don't understand, please talk to us and we will explain it to you.

*Bank Accounts*

If you owe money to your bank or credit union, you should open an account at an institution that you do not owe money to and move all your money there. If you do not, you run the risk that your bank or credit union may close your account without notice, or worse, they might take the money you owe right out of your account (in some cases that is allowed, so if it happens, we can't always get your money back).

*Utility Deposits*

To continue providing services, your utility companies may require you to pay a deposit, even if you don't owe them money.

*Automatic Creditor Payments and Web Portal Access*

Once your case is filed, your mortgage company, car finance company, and other creditors will usually cancel any automatic payments you have scheduled and restrict your access to their web portals. Sometimes, we can request that they allow you access, but in many cases you will have to pay by phone or mail.

*Credit Cards*

Do not use your credit cards or take out any new debt after you sign this agreement. You cannot pay our fees with a credit card.

*Credit Counseling and Financial Management Course*

By law, we cannot file your case until you do the credit counseling course. Once you file, you will need to do a second course, called a financial management course, before your last trustee payment is due in order to receive a discharge.

*Trustee Payments*

In a chapter 13 case, you must pay the court appointed bankruptcy trustee every month for between three and five years to repay your debt. The amount you must pay the trustee will be determined by the bankruptcy plan we prepare based on your income and debt. Once filed, your case could be dismissed if you don't pay the trustee as required by your plan, you don't provide us with the documents we need to file with the court or trustee on your behalf, or for some other reason if the court decides it is appropriate.

*What Happens if You Do Not Pay the Trustee*

You must pay the trustee on time and in full each month. If you do not make your full monthly payment every 30 days, the court will dismiss your case soon after and your creditors will be able to come after you as if you never filed at all. If at any time after you file you do not understand who the trustee is, what they do or how much to pay them, you must tell us. The payment amount is an estimate based on the information you gave us about your income and debt, and it may change based on new information we gather as your case moves forward.

7

**Exceptions and Special Provisions**

The following exceptions and special provisions supersede any conflicting provisions above: NONE

**Signatures**

By signing below, we agree to all the above.

_/s/ MAC_  
Cibik Law, P.C.  
By: Michael A. Cibik, Esq.                                   02/12/2024  
                                                              Date

_Victoria L. Stonewall_  
Name: Victoria L. Stonewall                                   02/13/2024  
                                                              Date

Name:                                                         Date

# Cibik Law, P.C.

1500 Walnut Street, Suite 900
Philadelphia, PA 19102
215-735-1060
mail@cibiklaw.com

# INVOICE

| INVOICE # | DATE |
|---|---|
| Pro Forma | 2/12/2024 |

**BILL TO**

Victoria L. Stonewall

| DESCRIPTION | AMOUNT |
|---|---|
| Engagement Fee for Chapter 13 Bankruptcy | $1,825.00 |
| *Thank you!* | |

**Disclosures, Notices, and Information Required by Law**

| Information Required by 11 U.S.C. § 341(b) |
|---|

**BANKRUPTCY INFORMATION SHEET**

**BANKRUPTCY LAW IS A FEDERAL LAW. THIS SHEET GIVES YOU SOME GENERAL INFORMATION ABOUT WHAT HAPPENS IN A BANKRUPTCY CASE. THE INFORMATION HERE IS NOT COMPLETE. YOU MAY NEED LEGAL ADVICE.**

**When You File Bankruptcy**

You can choose the kind of bankruptcy that best meets your needs (provided you meet certain qualifications):

> Chapter 7 – A trustee is appointed to take over your property. Any property of value will be sold or turned into money to pay your creditors. You may be able to keep some personal items and possibly real estate depending on the law of the State where you live and applicable federal laws.
>
> Chapter 13 – You can usually keep your property, but you must earn wages or have some other source of regular income and you must agree to pay part of your income to your creditors. The court must approve your repayment plan and your budget. A trustee is appointed and will collect the payments from you, pay your creditors, and make sure you live up to the terms of your repayment plan.
>
> Chapter 12 – Like chapter 13, but it is only for family farmers and family fishermen.
>
> Chapter 11 – This is used mostly by businesses. In chapter 11, you may continue to operate your business, but your creditors and the court must approve a plan to repay your debts. There is no trustee unless the judge decides that one is necessary; if a trustee is appointed, the trustee takes control of your business and property.

If you have already filed bankruptcy under chapter 7, you may be able to change your case to another chapter.

Your bankruptcy may be reported on your credit record for as long as ten years. It can affect your ability to receive credit in the future.

**What Is a Bankruptcy Discharge and How Does It Operate?**

One of the reasons people file bankruptcy is to get a "discharge." A discharge is a court order which states that you do not have to pay most of your debts. Some debts cannot be discharged. For example, you cannot discharge debts for–

- most taxes;
- child support;
- alimony;
- most student loans;
- court fines and criminal restitution; and
- personal injury caused by driving drunk or under the influence of drugs.

The discharge only applies to debts that arose before the date you filed. Also, if the judge finds that you received money or property by fraud, that debt may not be discharged.

It is important to list all your property and debts in your bankruptcy schedules. If you do not list a debt, for example, it is possible the debt will not be discharged. The judge can also deny your discharge if you do

something dishonest in connection with your bankruptcy case, such as destroy or hide property, falsify records, or lie, or if you disobey a court order.

You can only receive a chapter 7 discharge once every eight years. Other rules may apply if you previously received a discharge in a chapter 13 case. No one can make you pay a debt that has been discharged, but you can voluntarily pay any debt you wish to pay. You do not have to sign a reaffirmation agreement (see below) or any other kind of document to do this.

Some creditors hold a secured claim (for example, the bank that holds the mortgage on your house or the loan company that has a lien on your car). You do not have to pay a secured claim if the debt is discharged, but the creditor can still take the property.

**What Is a Reaffirmation Agreement?**

Even if a debt can be discharged, you may have special reasons why you want to promise to pay it. For example, you may want to work out a plan with the bank to keep your car. To promise to pay that debt, you must sign and file a reaffirmation agreement with the court. Reaffirmation agreements are under special rules and are voluntary. They are not required by bankruptcy law or by any other law. Reaffirmation agreements–

- must be voluntary;
- must not place too heavy a burden on you or your family;
- must be in your best interest; and
- can be canceled anytime before the court issues your discharge or within 60 days after the agreement is filed with the court, whichever gives you the most time.

If you are an individual and you are not represented by an attorney, the court must hold a hearing to decide whether to approve the reaffirmation agreement. The agreement will not be legally binding until the court approves it.

If you reaffirm a debt and then fail to pay it, you owe the debt the same as though there was no bankruptcy. The debt will not be discharged and the creditor can take action to recover any property on which it has a lien or mortgage. The creditor can also take legal action to recover a judgment against you.

IF YOU WANT MORE INFORMATION OR HAVE ANY QUESTIONS ABOUT HOW THE BANKRUPTCY LAWS AFFECT YOU, YOU MAY NEED LEGAL ADVICE. THE TRUSTEE IN YOUR CASE IS NOT RESPONSIBLE FOR GIVING YOU LEGAL ADVICE.

Revised 10/05

**Notice Required by 11 U.S.C. § 342(b)**

**This notice is for you if you are an individual filing for bankruptcy** and **your debts are primarily consumer debts**. *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

**The types of bankruptcy that are available to individuals**

Individuals who meet the qualifications may file under one of four different chapters of the Bankruptcy Code: Chapter 7: Liquidation, Chapter 11: Reorganization, Chapter 12: Voluntary repayment plan for family farmers or fishermen, Chapter 13: Voluntary repayment plan for individuals with regular income.

**You should have an attorney review your decision to file for bankruptcy and the choice of chapter.**

**Chapter 7: Liquidation**
($245 filing fee + $78 administrative fee + $15 trustee surcharge = $338 total fee)

Chapter 7 is for individuals who have financial difficulty preventing them from paying their debts and who are willing to allow their non-exempt property to be used to pay their creditors. The primary purpose of filing under chapter 7 is to have your debts discharged. The bankruptcy discharge relieves you after bankruptcy from having to pay many of your pre-bankruptcy debts. Exceptions exist for particular debts, and liens on property may still be enforced after discharge. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

However, if the court finds that you have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge.

You should know that even if you file chapter 7 and you receive a discharge, some debts are not discharged under the law. Therefore, you may still be responsible to pay: most taxes; most student loans; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; and certain debts that are not listed in your bankruptcy papers.

You may also be required to pay debts arising from: fraud or theft; fraud or defalcation while acting in breach of fiduciary capacity; intentional injuries that you inflicted; and death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.

If your debts are primarily consumer debts, the court can dismiss your chapter 7 case if it finds that you have enough income to repay creditors a certain amount. You must file *Chapter 7 Statement of Your Current Monthly Income* (Official Form 122A–1) if you are an individual filing for bankruptcy under chapter 7. This form will determine your current monthly income and compare whether your income is more than the median income that applies in your state.

If your income is not above the median for your state, you will not have to complete the other chapter 7 form, the *Chapter 7 Means Test Calculation* (Official Form 122A–2).

If your income is above the median for your state, you must file a second form —the Chapter 7 Means Test Calculation (Official Form 122A–2). The calculations on the form— sometimes called the Means Test— deduct from your income living expenses and payments on certain debts to determine any amount available to pay unsecured creditors. If your income is more than the median income for your state of residence and family size, depending on the results of the Means Test, the U.S. trustee, bankruptcy administrator, or creditors can file a motion to dismiss your case under § 707(b) of the Bankruptcy Code. If a motion is filed, the court will decide if your case should be dismissed. To avoid dismissal, you may choose to proceed under another chapter of the Bankruptcy Code

If you are an individual filing for chapter 7 bankruptcy, the trustee may sell your property to pay your debts, subject to your right to exempt the property or a portion of the proceeds from the sale of the property. The property, and the proceeds from property that your bankruptcy trustee sells or liquidates that you are entitled to, is called exempt property. Exemptions may enable you to keep your home, a car, clothing, and household items or to receive some of the proceeds if the property is sold.

Exemptions are not automatic. To exempt property, you must list it on Schedule C: The Property You Claim as Exempt (Official Form 106C). If you do not list the property, the trustee may sell it and pay all of the proceeds to your creditors

**Chapter 11: Reorganization**
($1,167 filing fee + $571 administrative fee = $1,738 total fee)

Chapter 11 is often used for reorganizing a business, but is also available to individuals. The provisions of chapter 11 are too complicated to summarize briefly.

**Chapter 12: Repayment plan for family farmers or fishermen**
($200 filing fee + $78 administrative fee = $278 total fee)

Similar to chapter 13, chapter 12 permits family farmers and fishermen to repay their debts over a period of time using future earnings and to discharge some debts that are not paid.

**Chapter 13: Repayment plan for individuals with regular income**
($235 filing fee + $78 administrative fee = $313 total fee)

Chapter 13 is for individuals who have regular income and would like to pay all or part of their debts in installments over a period of time and to discharge some debts that are not paid. You are eligible for chapter 13 only if your debts are not more than certain dollar amounts set forth in 11 U.S.C. § 109.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, usually using your future earnings. If the court approves your plan, the court will allow you to repay your debts, as adjusted by the plan, within 3 years or 5 years, depending on your income and other factors.

After you make all the payments under your plan, many of your debts are discharged. The debts that are not discharged and that you may still be responsible to pay include: domestic support obligations, most student loans, certain taxes, debts for fraud or theft, debts for fraud or defalcation while acting in a fiduciary capacity, most criminal fines and restitution obligations, certain debts that are not listed in your bankruptcy papers, certain debts for acts that caused death or personal injury, and certain long-term secured debts.

**Read These Important Warnings**

**Because bankruptcy can have serious long-term financial and legal consequences, including loss of your property, you should hire an attorney and carefully consider all of your options before you file. Only an attorney can give you legal advice about what can happen as a result of filing for bankruptcy and what your options are. If you do file for bankruptcy, an attorney can help you fill out the forms properly and protect you, your family, your home, and your possessions.**

**Although the law allows you to represent yourself in bankruptcy court, you should understand that many people find it difficult to represent themselves successfully. The rules are technical, and a mistake or inaction may harm you. If you file without an attorney, you are still responsible for knowing and following all of the legal requirements.**

**You should not file for bankruptcy if you are not eligible to file or if you do not intend to file the necessary documents.**

**Bankruptcy fraud is a serious crime; you could be fined and imprisoned if you commit fraud in your bankruptcy case. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

**Warning: File Your Forms On Time**

Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information about your creditors, assets, liabilities, income, expenses and general financial condition. The court may dismiss your bankruptcy case if you do not file this information within the deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

For more information about the documents and their deadlines, go to: http://www.uscourts.gov/forms/bankruptcy-form

**Bankruptcy crimes have serious consequences**

- If you knowingly and fraudulently conceal assets or make a false oath or statement under penalty of perjury—either orally or in writing—in connection with a bankruptcy case, you may be fined, imprisoned, or both.
- All information you supply in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the U.S. Trustee, the Office of the U.S. Attorney, and other offices and employees of the U.S. Department of Justice.

**Make sure the court has your mailing address**

The bankruptcy court sends notices to the mailing address you list on Voluntary Petition for Individuals Filing for Bankruptcy (Official Form 101). To ensure that you receive information about your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.

A married couple may file a bankruptcy case together—called a joint case. If you file a joint case and each spouse lists the same mailing address on the bankruptcy petition, the bankruptcy court generally will mail you and your spouse one copy of each notice, unless you file a statement with the court asking that each spouse receive separate copies.

**Understand which services you could receive from credit counseling agencies**

The law generally requires that you receive a credit counseling briefing from an approved credit counseling agency. 11 U.S.C. § 109(h). If you are filing a joint case, both spouses must receive the briefing. With limited exceptions, you must receive it within the 180 days before you file your bankruptcy petition. This briefing is usually conducted by telephone or on the Internet.

In addition, after filing a bankruptcy case, you generally must complete a financial management instructional course before you can receive a discharge. If you are filing a joint case, both spouses must complete the course.

You can obtain the list of agencies approved to provide both the briefing and the instructional course from: http://www.uscourts.gov/services-forms/bankruptcy/credit-counseling-and-debtor-education-courses.

In Alabama and North Carolina, go to: http://www.uscourts.gov/services-forms/bankruptcy/credit-counseling-and-debtor-education-courses. If you do not have access to a computer, the clerk of the bankruptcy court may be able to help you obtain the list.

| **Disclosure Required by 11 U.S.C. § 527** |
|:---:|

All information that you are required to provide with a petition and thereafter during a case under the Bankruptcy Code is required to be complete, accurate, and truthful;

All assets and all liabilities are required to be completely and accurately disclosed in the documents filed to commence the case, and the replacement value of each asset as defined in section 506 must be stated in those documents where requested after reasonable inquiry to establish such value;

Current monthly income, the amounts specified in section 707(b)(2), and, in a case under chapter 13, disposable income (determined in accordance with section 707(b)(2)), are required to be stated after reasonable inquiry; and

Information that you provide during your case may be audited pursuant to the Bankruptcy Code, and failure to provide such information may result in dismissal of the case or other sanction, including a criminal sanction.

IMPORTANT INFORMATION ABOUT BANKRUPTCY ASSISTANCE SERVICES FROM AN ATTORNEY OR BANKRUPTCY PETITION PREPARER.

If you decide to seek bankruptcy relief, you can represent yourself, you can hire an attorney to represent you, or you can get help in some localities from a bankruptcy petition preparer who is not an attorney. THE LAW REQUIRES AN ATTORNEY OR BANKRUPTCY PETITION PREPARER TO GIVE YOU A WRITTEN CONTRACT SPECIFYING WHAT THE ATTORNEY OR BANKRUPTCY PETITION PREPARER WILL DO FOR YOU AND HOW MUCH IT WILL COST. Ask to see the contract before you hire anyone.

The following information helps you understand what must be done in a routine bankruptcy case to help you evaluate how much service you need. Although bankruptcy can be complex, many cases are routine.

Before filing a bankruptcy case, either you or your attorney should analyze your eligibility for different forms of debt relief available under the Bankruptcy Code and which form of relief is most likely to be beneficial for you. Be sure you understand the relief you can obtain and its limitations. To file a bankruptcy case, documents called a Petition, Schedules, and Statement of Financial Affairs, and in some cases a Statement of Intention, need to be prepared correctly and filed with the bankruptcy court. You will have to pay a filing fee to the bankruptcy court. Once your case starts, you will have to attend the required first meeting of creditors where you may be questioned by a court official called a 'trustee' and by creditors.

If you choose to file a chapter 7 case, you may be asked by a creditor to reaffirm a debt. You may want help deciding whether to do so. A creditor is not permitted to coerce you into reaffirming your debts.

If you choose to file a chapter 13 case in which you repay your creditors what you can afford over 3 to 5 years, you may also want help with preparing your chapter 13 plan and with the confirmation hearing on your plan which will be before a bankruptcy judge.

If you select another type of relief under the Bankruptcy Code other than chapter 7 or chapter 13, you will want to find out what should be done from someone familiar with that type of relief.

Your bankruptcy case may also involve litigation. You are generally permitted to represent yourself in litigation in bankruptcy court, but only attorneys, not bankruptcy petition preparers, can give you legal advice.